# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GARCIA REYES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>CONNIE GIPSON,<br><br>　　　　Respondent.<br>_____ / | 1:11-cv-01780-DLB (HC)<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>[Doc. 1] |

　　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

BACKGROUND

　　　　On January 7, 2010, the district attorney filed an information in the Kings County Superior Court charging Petitioner with the following: in counts I and V, rape (Cal. Penal Code[1] § 261(a)(2)); in counts II, III, IV, VI, VII, IX, XI, and XII, forcible lewd act upon a child (§ 288(b)(1)); in counts VIII and XIII, continuous sexual abuse of a child (§ 288.5(a)); in count X, lewd act upon a child (§ 288(a)); in counts XIV and XV, rape of a spouse (§ 262(a)(2)); and in count XVI, forcible sodomy (§ 286(c)(2)).  It was further alleged as to counts I, II, and XII that Petitioner tied or bound his victim (§ 667.61(b)); as to counts I through XIII, that the statute of

---

[1] All further statutory references are to the California Penal Code unless otherwise indicated.

1

limitations was extended (§ 803(f)(1)); and as to counts I through XVI, that Petitioner committed sex offenses against multiple victims (§ 667.61(b) & (e)(5)).

That same day, Petitioner entered a negotiated no contest plea to counts II, XI, and XIV, and the court granted the People's request to dismiss the remaining counts and allegations with a Harvey[2] waiver.

On February 8, 2010, the court sentenced Petitioner to state prison for an aggregate term of twenty-four years, computed as follows: three consecutive upper terms of eight years for each of the substantive offenses.

Petitioner filed a timely notice of appeal. On April 27, 2011, the California Court of Appeal, modified the fines, but affirmed the judgment in all other respects.

On July 13, 2011, the California Supreme Court denied review. Petitioner did not file any state post-conviction collateral petitions.

Petitioner filed the instant federal petition for writ of habeas corpus on October 26, 2011. Respondent filed an answer to the petition on February 2, 2012. Petitioner filed a traverse on March 15, 2012.

STATEMENT OF FACTS

Because the facts are not relevant to the issue raised in the instant petition for writ of habeas corpus, the Court will not set forth a detailed statement of the facts in support of his conviction, other than the terms of the negotiated plea. On January 7, 2010, in the Kings County Superior Court, Petitioner pled nolo contendre to two counts of lewd and lascivious acts upon a minor child in violation of California Penal Code section 288(b)(1) (counts two and eleven) and one count of rape in violation of California Penal Code section 262(a)(1) (count fourteen).

DISCUSSION

I.   Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

---

[2] People v. Harvey, 25 Cal.3d 754 (1979).

or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. The challenged conviction arises out of the Kings County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

II.  Standard of Review

Where a petitioner files his federal habeas petition after the effective date of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), he can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
> or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of [the Supreme] Court." Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011) (citing 28 U.S.C. § 2254(d)(1) and Williams v. Taylor, 539 U.S. 362, 412 (2000). Habeas relief is also available if the state court's decision "involved an unreasonable application" of clearly established federal law, or "was based on an unreasonable determination of the facts" in light of the record before the state court. Richter, 131 S.Ct. 785 (citing 28 U.S.C. § 2254(d)(1), (d)(2)). "[C]learly established ... as determined by" the Supreme Court "refers to the holdings, as opposed to the dicta, of th[at] Court's decisions as of the time of the relevant

state-court decision." Williams v. Taylor, 529 U.S. at 412. Therefore, a "specific" legal rule may not be inferred from Supreme Court precedent, merely because such rule might be logical given that precedent. Rather, the Supreme Court case itself must have "squarely" established that specific legal rule. Richter, 131 S.Ct. at 786; Knowles v. Mirzayance, __ U.S. __, 129 S.Ct. 1411, 1419 (2009). Moreover, the Supreme Court itself must have applied the specific legal rule to the "context" in which the Petitioner's claim falls. Premo v. Moore, __ U.S. __, 131 S.Ct. 733, 737 (2011). Under § 2254(d)(1), review is limited to the record that was before the state court adjudicated the claim on the merits. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 131 S.Ct. at 786.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceedings, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). Both subsections (d)(2) and (e)(1) of § 2254 apply to findings of historical or pure fact, not mixed questions of fact and law. See Lambert v. Blodgett, 393 F.3d 943, 976-77 (2004).

Courts further review the last reasoned state court opinion. See Ylst v. Nunnemaker, 501 U.S. 979, 803 (1991). However, "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Richter, 131 S.Ct. at 784.

III.   Trial Court's Refusal to Hold Marsden Hearing

Petitioner contends the trial court erred by refusing to hold a hearing under People v. Marsden, 2 Cal.3d 118 (1970). More specifically, he claims that because of "his complaint about his counsel's representation and his request for a substitute, the trial court should have held a closed hearing to determine whether [P]etitioner received representation that was commensurate with the requirements of the Sixth Amendment."

4

The California Court of Appeal denied the claim on the merits in the last reasoned decision, stating:

> [Petitioner] contends the trial court erred when it refused to hold a *Marsden* hearing following his request for substitute counsel at sentencing. We disagree.
>
> The record of the plea hearing shows defense counsel advised the court that the prosecutor had made an offer to [Petitioner] to plead to three sex crimes, one per victim, with a maximum term of 24 years, but that [Petitioner] had rejected the offer. [Petitioner] agreed that he was rejecting the offer. When asked if defense counsel had gone over the "facts that the prosecution is going to bring forth at trial" with [Petitioner], defense counsel stated that [Petitioner] had had the opportunity to view the interviews with the victims and that he and counsel had "discussed them fully." [Petitioner] agreed that he understood the evidence the prosecutor would be presenting. [Petitioner] then asked what the offer consisted of and, after the court explained it, he asked for time to reconsider. Following a discussion with defense counsel, [Petitioner] then indicated he wished to accept the offer.
>
> Defense counsel and the trial court discussed the fact that, as originally charged, [Petitioner] was facing indeterminate life terms. Counsel stated that the terms of the plea agreement were "definitely" in [Petitioner's] best interests.
>
> The record of the plea hearing then shows that [Petitioner] was advised of and waived his constitutional rights and was advised of and acknowledged that he understood the consequences of his plea, including the fact that he could receive a maximum aggregate state prison sentence of 24 years.
>
> One month later, at sentencing, defense counsel stated that [Petitioner] waived formal arraignment for judgment and sentence and stated there was no legal cause why sentence should not be pronounced. The trial court then gave a tentative ruling indicating it was inclined to impose three consecutive upper terms, for a total of 24 years' imprisonment. Defense counsel argued against imposition of the aggravated term as to all three counts and instead requested a total term of 17 years. The prosecutor argued that the upper consecutive terms were appropriate. The court then sentenced [Petitioner] to a term of 24 years and imposed various fines and fees and calculated [Petitioner's] custody credits.
>
> The trial court then asked both counsel if there was "[a]nything further," to which defense counsel replied that [Petitioner] would like to speak to the court. [Petitioner] then addressed the court, stating:
>
> "I do not plead guilty. I'd like to see if I can get another attorney. I'd like to fight this. I want to go all the way to the top because none of that is true. I was not given anything on the investigation. I was sent a paper from human resources telling me that they were going to keep the video and the investigation was going to continue because there was nothing.
>
> "And another letter I was sent said that the case was going to be open for a year. I'm not going to plead guilty to something I did not do just because they say. I'd like to continue to fight this, and if you can't, I'd like to get another attorney and start from the beginning. I was not helped at all.

The trial court denied [Petitioner's] request, stating:

"The Court will note for the record that it went into questions in detail before concerning this matter, concerning the assertions that [Petitioner] now makes, and found to its satisfaction that what he states here, the attorney was more credible. [¶] And actually even some of his statements previously made to the Court he indicated that he had received the documents and reviewed the tape and the like. [¶] . . . [¶] And the Court will state that as far as the claims made against the attorney, the Court has already made a finding when it had the hearing last time as to the documentation, and [Petitioner] knowingly, intelligently, and voluntarily [entered a] plea of no contest."

[Petitioner] protested that he was "not told how many years or anything," to which the trial court stated that it had reviewed the transcripts and believed that [Petitioner] was adequately advised. The hearing then concluded.

[Petitioner] now contends that the trial court erred by not holding a *Marsden* hearing based on his complaints at the conclusion of the sentencing hearing. Respondent argues that [Petitioner] not only waived his right to appeal during his change of plea hearing but is also foreclosed from raising this issue on appeal because he failed to obtain a certificate of probable cause. As to the merits of [Petitioner's] claim, respondent contends no error occurred, and if it did, any error was harmless. We decline to resolve the waiver and/or foreclosure issue because, even if we consider the issue on the merits, we find no prejudicial error.

It is well established that a defendant "may be entitled to an order substituting appointed counsel if he shows that, in its absence, his Sixth Amendment right to the assistance of counsel would be denied or substantially impaired." (*People v. Berryman* (1993) 6 Cal.4th 1048, 1070, overruled on other grounds in *People v. Hill* (1998) 17 Cal.4th 800, 823, fn. 1.) Under *Marsden*, when a defendant seeks to substitute appointed counsel based on a claim of inadequate representation, the trial court must afford the defendant an opportunity to articulate the basis for the request and to relate specific instances of counsel's deficient performance. (*Marsden*, *supra*, 2 Cal.3d at pp. 123-124.) A defendant is entitled to relief if the record clearly shows that the appointment counsel is not providing adequate representation or that the defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation likely will result. (*People v. Crandell* (1988) 46 Cal.3d 833, 854, overruled on other grounds in *People v. Crayton* (2002) 28 Cal.4th 346, 364-365; *Marsden*, *supra*, at pp. 124-125.) The rule requiring a *Marsden* hearing applies equally posttrial. "[T]he trial court should appoint substitute counsel when a proper [*Marsden*] showing has been made at any stage" because "[a] defendant is entitled to competent representation at all times" during the proceedings. (*People v. Smith* (1993) 6 Cal.4th 684, 695.)

While the decision of whether to allow a defendant to substitute counsel rests within the sound discretion of the trial court, the court "cannot thoughtfully exercise its discretion in this matter without listening to [the defendant's] reasons for requesting a change of attorneys. A trial judge is unable to intelligently deal with a defendant's request for substitution of attorneys unless [the judge] is cognizable of the grounds which prompted the request." (*Marsden*, *supra*, 2 Cal.3d at p. 123.) The denial of a *Marsden* motion without careful inquiry into the defendant's reasons for requesting substitute counsel does not qualify as an informed judicial determination. (*Id*. at p. 124; *People v. Ivans* (1992) 2 Cal.App.4th 1654, 1666.)

>      Generally, the standard of review on appeal of a denial of a *Marsden* motion is abuse of discretion. (*People v. Barnett* (1998) 17 Cal.4th 1044, 1085, citing *People v. Berryman*, *supra*, 6 Cal.4th at p. 1070.) "An abuse of discretion occurs where the court's decision exceeds the bounds of law or reason." (*People v. Bell* (1998) 61 Cal.App.4th 282, 287.) Although a trial court may abuse its discretion in ruling upon a motion for newly appointed counsel without first hearing the defendant's reasons for the motion (*Marsden*, *supra*, 2 Cal.3d at p. 124), a denial of such motion does not require reversal if the record shows that the error was harmless beyond a reasonable doubt. (*People v. Chavez* (1980) 26 Cal.3d 334, 348-349.)
>
>      Here, while [Petitioner] did request substitute counsel and no formal *Marsden* hearing occurred, he had expressed no displeasure with his attorney throughout the plea hearing and subsequent sentencing until moments before he was remanded to the Department of Corrections and Rehabilitation. [Petitioner] chose not to say anything until after (1) he pled guilty, (2) the court announced its intent to impose a 24-year sentence, (3) counsel argued for a lesser sentence, and (4) the court sentenced him in accordance with its tentative. Only then did [Petitioner] claim he did not wish to plead guilty and wished instead to "fight this," claiming he was not given evidence to prove he committed the crimes. He wanted to "start from the beginning" with another attorney because he was not "helped at all." While the trial court did not ask for counsel's response, the court did state on the record that it had questioned [Petitioner] "in detail" at the plea hearing concerning his plea and his knowledge of what the evidence was against him, and that [Petitioner] had made a knowing, intelligent, and voluntary plea.
>
>      A trial court always retains discretion to deny a *Marsden* motion as untimely. (*People v. Whitt* (1990) 51 Cal.3d 620, 659; *People v. Jackson* (1981) 121 Cal.App.3d 862, 872.) Under the circumstances, denial of this motion as untimely would have been well within the trial court's discretion.
>
>      Even if the trial court should have conducted a *Marsden* hearing, we would not find that such a failure here compels remand to hold such a hearing. In *Marsden*, the Supreme Court reversed the defendant's conviction because it determined it could not find beyond a reasonable doubt that the failure to hold a hearing did not contribute to the conviction. (*Marsden*, *supra*, 2 Cal.3d at p. 126; *People v. Chavez*, *supra*, 26 Cal.3d at pp. 348-349.) Here, [Petitioner] has made no showing that a *Marsden* motion would have been granted had it been heard, or that a more favorable result (i.e., a lesser sentence) would have been obtained had the motion in fact been granted. (See *People v. Washington* (1994) 27 Cal.App.4th 940, 944.)
>
>      In short, the record does not demonstrate an abuse of discretion. The trial court observed the performance of defense counsel throughout the proceedings and, based on [Petitioner's] complaints about counsel, it was able to determine whether further inquiry was necessary. Nothing presented to the trial court supports a finding that there was a problem with representation such that it substantially impaired [Petitioner's] right to effective counsel.

(Ex. A, to Answer, at 3-8.)

   As an initial matter, the Court finds that Petitioner's claim fails to present a cognizable ground for relief on federal habeas review. In essence, Petitioner challenges the trial court's

application of People v. Marsden, 2 Cal.3d 118 (1970), in addressing his several motions to relieve counsel.  The interpretation and application of state laws are generally not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"); Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution").  In addition, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989).  The Ninth Circuit has stated that the denial of a motion to substitute counsel implicates a defendant's Sixth Amendment right to counsel, Bland v. California Dept. of Corr., 20 F.3d 1469, 1475 (9th Cir. 1994), and the Sixth Amendment requires an inquiry into the grounds for a motion to remove defense counsel, Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); however, there is no direct precedent from the Supreme Court holding that a denial of a motion to relieve defense counsel can be unconstitutional.  "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court." Knowles, 129 S.Ct. 1411, 1413–14.  Therefore, Petitioner's allegation that the trial court erred in failing to conduct a Marsden hearing does not present a cognizable claim on habeas review.

     In any event, the Supreme Court has granted state courts with a great deal of leeway on the issue of attorney substitution.  For instance, the Supreme Court has recognized that a defendant is entitled to counsel who "function[s] in the active role of an advocate." Entsminger v. Iowa, 386 U.S. 748, 751 (1967); see also United States v. Cronic, 466 U.S. 648, 656 (1984); Anders v. California, 386 U.S. 738, 743 (1967).  However, the Court pointed out that the Sixth Amendment does not guarantee a "meaningful relationship" between an accused and his counsel. Morris v. Slappy, 461 U.S. 1, 13-14 (1983).  Absent a showing that "counsel actively represented

conflicting interests," the defendant "has not established the constitutional predicate for his claim of ineffective assistance." Cuyler v. Sullivan, 446 U.S. 335, 350 (1980).

The state appellate court's determination of this issue was not unreasonable. Although the trial court may not have conducted a formal Marsden hearing, the trial court made the factual finding, based on its observations, that Petitioner was well-informed of the consequences of pleading no contest and defense counsel did not render ineffective assistance. The trial court observed that Petitioner waited until after he pled guilty and after the court expressed its tentative sentence to argue that he wished to "start over" and fight the charges. Under these circumstances, the trial court's finding that Petitioner's Marsden motion was untimely is entitled to deference. In any event, the trial court reviewed the record and found that Petitioner was questioned "in detail" regarding the prosecution evidence and the consequences of pleading guilty in lieu of going to trial, including, among other things, the fact that he faced a potential maximum term of 24 years, the right to a trial by jury or by court to confront and cross-examine all the witnesses against him, and the right to present evidence in support of his own defense and to require the prosecution to prove his guilt beyond a reasonable doubt. Thus, the record supports the appellate court's reasonable conclusion that Petitioner has made no showing that a *Marsden* motion would have been granted had it been heard, or that a more favorable result (i.e., a lesser sentence) would have been obtained had the motion in fact been granted. Accordingly, Petitioner's claim is without merit.

## IV.     Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the

validity of such person's detention pending removal proceedings.

 (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

  (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

  (B) the final order in a proceeding under section 2255.

 (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

 (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court DECLINES to issue a certificate of appealability.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;

2. The Clerk of Court is directed to enter judgment in favor of Respondent; and

3. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **March 23, 2012**     /s/ Dennis L. Beck
                UNITED STATES MAGISTRATE JUDGE